UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEATRICE M. WHITE, | : | Case No. 3:10-cv-454 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## ORDER THAT: (1) THE ALJ'S NON-DISABILITY FINDING IS FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE IS CLOSED

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to supplemental security income ("SSI") and disability insurance benefits ("DIB"). (*See* Administrative Transcript ("Tr.") (Tr. 8-20) (ALJ's decision)).

I.

On May 3, 2006, Plaintiff filed an application for SSI and DIB alleging that she became disabled on August 11, 2003, due to numerous physical impairments, including problems with her neck, shoulder, and knee, as well as a seizure disorder and syncopal episodes.[1] (Tr. 8, 126, 131, 160). The applications were denied initially on October 2, 2006. (Tr. 81, 84). However, Plaintiff had previously filed for and was denied disability

---

[1] Syncopal episodes are occasions of fainting.

benefits by an Administrative Law Judge in a hearing decision issued on April 18, 2006. (Tr. 8, 72-83). That Administrative Law Judge found that Plaintiff could perform a reduced range of light work. (Tr. 82). Accordingly, under principles of *res judicata*, the earliest date that the Plaintiff could be found disabled in this litigation is April 19, 2006, the day after the date of prior hearing decision. (Tr. 8).

Following a hearing on September 22, 2009, which Plaintiff attended with her attorney, the ALJ issued a decision, concluding that Plaintiff was not disabled. (Tr. 5-20). Specifically, the ALJ found that Plaintiff retained the residual functional capacity to perform a limited range of light work after the amended onset date. (Tr. 16). The ALJ concluded that Plaintiff was able to perform her past work as a product assembler and hand packager/inspector. (Tr. 19). The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

Plaintiff is a 55 year-old female with a high school education. (Tr. 691). Plaintiff also attended community college. (*Id.*) Her past relevant work experience was as an assembly worker, commercial dry cleaner, and janitor. (Tr. 161).

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant meets the insured status requirments of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since April 19, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disk disease of the cervical spine with the residuals of a cervical diskectomy; asthma; internal derangement of the left knee; diabetes mellitus with neuropathy; headaches; psychogenic seizure disorder; and obesity (20 CFR 404.1520 and 416.920).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Giving the claimant the full benefit of doubt with regard to the claimant's allegations and subjective complaints, it is found that she is limited to jobs that would not involve working at unprotected heights, moving machinery, or other dangerous instrumentalities. She is restricted to work that can be performed in a temperature-controlled, clean-air environment.

6. The claimant is capable of performing past relevant work as product assembler and as a hand packager/inspector. Those jobs do not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 19, 2006 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 11-20).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to SSI or DIB. (Tr. 20).

It is entirely unclear what Plaintiff argues on appeal, because she simply submitted hundreds of pages of medical documents without any explanation as to what portion of the ALJ's decision she was contesting. (*See* Doc. 10).

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> "The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm."

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

A.

Although Plaintiff was represented by an attorney on the administrative level, she proceeded *pro se* before this Court. Plaintiff filed a significant number of medical records (over 375 pages), that this Court interpreted as her Statement of Specific Errors. (Doc. 10). However, Plaintiff did not file any brief or letter explaining why she disagreed with the ALJ's determination. She did allege in her reply memorandum that: (1) she cannot do light work; (2) she sees a doctor for fibromyalgia; (3) she has multiple chronic health problems and takes a lot of medication; and (4) she has had multiple surgeries. (*See* Doc. 15).

Because the Plaintiff is proceeding *pro se*, the Court has especially carefully reviewed the ALJ's decision to determine whether the ALJ's critical findings of fact were made in compliance with the applicable law and whether substantial evidence supports those findings. After a careful review of the record, the Court finds that the decision of the ALJ is supported by substantial evidence and should be affirmed.

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.[2] 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an

---

[2] The definition of the term "disability" is essentially the same for both DIB and SSI. *Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from: (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.* at 469-470.

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A). While the record supports Plaintiff's contention that she had multiple chronic health problems, takes medication, and has had multiple surgeries, her allegation that she cannot do light work, without supporting evidence, is insufficient to meet her burden.

The record reflects that Plaintiff underwent surgery on her neck and shoulder in April 2009 and August 2009, respectively.[3] Treatment notes following arthroscopic repair of a right rotator cuff tear showed that she had a full range of motion in her right shoulder at the time of discharge from physical therapy. (Ex. B-90F).

Plaintiff also sought emergency room treatment on numerous occasions for complaints of alleged seizures, but in each instance, diagnostic work-ups were negative. (*See* Exs. B-19F, B-23F, B-37F, B-38F, B-54F, B-68F, and B-105F). Records from a treating neurologist indicate that Plaintiff was hospitalized for video EEG monitoring, but that the EEG was negative, showing no evidence of activity. (Ex. B-70F). Dr. White's diagnostic impression was of psychogenic seizures.[4] The neurologist found that there was no medical basis for Plaintiff's allegations of seizures. (Ex. B-70).

Plaintiff was hospitalized in March 2009 for complaints of headaches. Plaintiff was diagnosed with headaches, hypertension, diabetes, and morbid obesity. (Ex. B 43F).

---

[3] Plaintiff is approximately 5'1 and 219 pounds. (Doc. 9, Ex. 2 at 35).

[4] A psychogenic non-eplileptic seizure is an event superficially resembling an epileptic seizure, but without the characteristic electrical discharges associated with epilepsy.

Additionally, Plaintiff sought emergency room treatment on several occasions for complaints of chest pain, but all cardiac work-ups were negative. (Exs. B-64F, B-73F, B-108F). Treatment notes from the Plaintiff's cardiologist indicate that the claimant's chest pain was likely gastrointestional. (Tr. 12).

Notes from Plaintiff's treating opthamologist, Dr. Kessler, indicate that Plaintiff was treated for glaucoma and that her best corrected vision was 20/30 in both eyes.[5] The records indicate that the claimant had severely restricted visual fields on examination, although the opthalmologist could not find any reason for the decreased visual fields and concluded that the results were inconsistent with objective findings and Plaintiff's ambulatory abilities. (Exs. B-22F and B-34F).

Plaintiff reported that she did household chores such as cooking, dishes, laundry, sweeping, and general cleaning. Additionally, she attended religious services and got along "fair" with others. She socialized with family members on a regular basis as well as one or two friends and was able to handle her own finances. (Ex. B-18F).

The vocational expert, Ms. Srinivasan, maintained that a hypothetical individual with the claimant's RFC[6] and characteristics could perform her past relevant work as product assembler and hand packager/inspector.

---

[5] 20/30 to 20/60 is considered mild vision loss, or near-normal vision.

[6] Residual Functional Capacity (RFC) is Plaintiff's functional capacity or ability to work after taking into account Plaintiff's mental or physical disability.

Accordingly, there is no substantial evidence of impairments which significantly limit Plaintiff's vocational abilities. Moreover, evidence of ailments is insufficent to reverse the ALJ's findings where the Commissioner's decision is supported by substantial evidence, as in this case.

### III.

For the foregoing reasons, Plaintiff's assignments of error are unavailing. The decision of the Commissioner, that Plaintiff was not entitled to supplemental security income and disability income benefits, is hereby found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS HEREBY AFFIRMED**; and, as no further matters remain pending for the Court's review, this case is **CLOSED**.

**IT IS SO ORDERED.**

Date: 11/2/11

*Timothy S. Black*
Timothy S. Black
United States District Judge